IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HENRY PRADO, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0255 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner HENRY PRADO, JR. has filed with this Court a petition for a writ of habeas

corpus challenging an July 21, 2004 prison disciplinary proceeding and the resultant punishment

including 30 days loss of good time credits and reduction in class from S4 to L1.  The

disciplinary proceeding took place at the Neal Unit in Potter County, Texas.  As of the date the

instant habeas application was filed, petitioner was still incarcerated at the Neal Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a

writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised

release and have received a punishment sanction which included forfeiture of previously accrued

good time credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  In his habeas

application, petitioner advises he is in respondent's custody pursuant to a conviction for the

felony offense of burglary of a habitation out of Harris County, Texas, and the resulting 25-year

sentence.  Petitioner has acknowledged that he is not eligible for mandatory supervised release.

(Petitioner's Application at 5).  *See also* Tex. Gov't Code § 508.149(a)(13).  Since petitioner is

<u>not</u> eligible for mandatory supervised release due to his conviction for burglary of a habitation ,

he is not entitled to any federal habeas corpus relief.


<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

United States District Judge that the petition for a writ of habeas corpus filed by petitioner

HENRY PRADO, JR., be DENIED.


<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of September 2005.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In
the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing
objections is eleven (11) days from the date of filing as indicated by the file mark on the first
page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the
parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any
objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is**

**filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).